IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| YIN KUEN CHEUNG<br>         Plaintiff,<br><br>   v.<br><br>WORLD SAVINGS BANK, *et al.*,<br><br>         Defendants._____/ | No. C 12-05016 RS<br><br>**ORDER STRIKING FIRST AMENDED COMPLAINT AND DENYING MOTION TO DISMISS AS MOOT** |

Yin Kuen Cheung, representing herself, filed a complaint against a host of defendants, including Wells Fargo Bank, N.A., as well as a lis pendens—both challenging the scheduled foreclosure of real property in Hercules, California for which Plaintiff alleged she had entered into a deed of trust with Wells Fargo. Wells Fargo successfully moved to dismiss the suit and to expunge the lis pendens. Plaintiff was given more than sixty days, with a deadline of January 15, 2013, to amend her complaint. Plaintiff then filed a pleading captioned "response to granting motion to dismiss and motion to expunge lis pendens," which was construed as a motion for additional time to amend her complaint. That motion was denied because it sought additional time for a non-lawyer to prepare to act as Plaintiff's attorney in this matter, which is impermissible. On January 15, 2013, Plaintiff's sister Marina Cheung Yiu filed a purported "First Amended Complaint" in this action, representing herself. In it, she avers that she is the legal owner of the property. Wells Fargo next filed a Motion to Dismiss the First Amended Complaint for failure to state a claim pursuant to

Federal Rule of Civil Procedure 12(b)(6). Neither Yin Kuen Cheung, nor Marina Cheung Yiu filed a response to the Motion to Dismiss. Marina Cheung Yiu did, however, apparently retain attorney Mark W. Lapham, who filed a document captioned "Request for Substitution of Plaintiff and Attorney" on February 28, 2013. These requests, construed as a Motion to Substitute Party and a Motion to Substitute Attorney, were not properly noticed pursuant to Civil Local Rule 7-1 and are therefore not properly before the Court. Accordingly, there is no need to consider them at this time.

Pursuant to Federal Rule of Civil Procedure 12(f)(1), the Court *sua sponte* strikes the First Amended Complaint, filed by Marina Cheung Yiu. Plaintiff Yin Kuen Cheung was given leave to amend her complaint by January 15, 2013. Marina Cheung Yiu is not the plaintiff in this action and thus, her filing of a First Amended Complaint is immaterial to this case. Pursuant to Civil Local Rule 7-1(b), Defendant's Motion to Dismiss is suitable for disposition without oral argument and the hearing set for March 14, 2013 is vacated. Because the First Amended Complaint is not operative, Wells Fargo's Motion to Dismiss the First Amended Complaint is rendered moot and is denied on that basis.

Now that an attorney is apparently involved in this matter, the Court will allow Plaintiff Yin Kuen Cheung to file either an amended complaint or a properly noticed request to substitute plaintiff by April 5, 2013. If Plaintiff fails to do so, this case will be dismissed without further notice. Of course, assuming her claims are not barred by the statute of limitations, Marina Cheung Yiu is also free to file a separate case, rather than be substituted in as the plaintiff in this action.

IT IS SO ORDERED.

Dated: 3/5/13

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE